IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CASE NO. 4:11-cr-8-CDL-MSH |
| | : |
| ANTONIO GENE ALFORD, | : |
| | : |
| Defendant. | : |

_____

### REPORT & RECOMMENDATION

On April 19, 2013, the Court received a letter from Defendant requesting that the Court alter or amend the revocation judgment entered against Defendant on April 15, 2013. (Letter 2, Apr. 12, 2013, ECF No. 16.) Defendant specifically seeks this relief under Federal Rules of Civil Procedure Rule 59(e). For the reasons described below, Defendant's motion should be denied.

### BACKGROUND

On November 18, 1999 Antonio Gene Alford was sentenced in the Northern District of Georgia to imprisonment for a term of 144 months followed by five years of supervised release after pleading guilty to one count of Armed Bank Robbery. (*See* N.D. Ga. J. 1-3, ECF No. 1-1 at 3-5.) The term of supervised release began on February 19, 2010. (Transfer of Jurisdiction 1, ECF No. 1.)

On September 27, 2012, a petition was brought by the United States Probation Office in the Middle District of Georgia—where Alford was under supervision—seeking revocation of his supervised release based on alleged violations for using marijuana and

driving under the influence of alcohol as well as possessing an open container of alcohol in a moving motor vehicle. (ECF No. 3.) After Alford's arrest, an initial appearance was conducted by the undersigned pursuant to Federal Rule of Criminal Procedure 5 and counsel was appointed for Alford, who waived a preliminary hearing on the petition. (ECF No. 6.)

The final hearing on the revocation petition was held by the district judge on April 11, 2013. Although counsel had been appointed for Alford at the initial appearance, he elected to represent himself at the final hearing and the district judge, after a thorough colloquy, allowed him to do so. (Revocation Hr'g Tr. 4:4-8:7, Apr. 11, 2013, ECF No. 24.) The Government proceeded on the first ground asserted in the petition only, the ground alleging a violation of the terms and conditions of supervised release based on Alford's continual use of marijuana, seven times in less than eleven months between November 30, 2010 and September 11, 2012. (*Id.* at 8:17-9:2.) Alford admitted marijuana use and stated that it was for a medicinal purpose only. (*Id.* at 9:25-10:2; *see also* Exs. G1-G7, ECF No. 13-1.) Alford did not support that contention with prescriptions or other evidence of use as directed by a licensed health care provider. (*See* Revocation Hr'g Tr. 13:24-15:3.) The Court notes further that the laws of the United States prohibit marijuana use and contain no exception for its use as a medicine.

At the revocation hearing, Alford argued that he had been excessively sentenced in the Northern District as a result of a Criminal History Category that was too high. He did not assert that the term of supervised release imposed against him was excessive, however. (*Id.* at 11:25-12:21.) Based on Alford's admissions that he regularly used

marijuana, the district judge found that he was in violation of the conditions of supervised release and that the advisory Guidelines sentencing range was 8 to 14 months for a Grade C violation and a Criminal History Category of VI.  (*Id.* at 15:4-14; 17:16-24.)  The district judge therefore revoked Alford's term of supervised release and imposed a sentence of 14 months imprisonment.  (*Id.* at 17:25-18:2.)  Although the sentence of imprisonment was within the range established by the advisory Guidelines, Alford nonetheless objected and asserted that the sentence was excessive.  (*Id.* at 20:18-21.)  On April 15, 2013, the revocation judgment was entered.  (ECF No. 15.)

On April 12, 2013, Alford sent a letter to the district judge which has been construed as a motion to alter judgment.  On April 25, 2013, Alford, through his appointed counsel, filed a notice of appeal from the revocation judgment in the Eleventh Circuit which included a pro se notice of appeal as well.  (ECf No. 17.)  The district judge referred Alford's motion to alter judgment to the undersigned on July 9, 2013, for a report and recommendation of disposition. The Government was ordered to respond to Alford's motion on July 11, 2013, and did so in a timely manner on August 1, 2013. (ECF No. 27.)  The Government objected to any relief from judgment being afforded to Alford, who replied to the Government's response on August 22, 2013.  (ECF No. 29.)  In his reply Alford again asserted that the original pre-sentence report was incorrect and adds that he was sentenced originally in the Northern District beyond the applicable guideline range by a judge who Alford asserts was "high on cocaine."  (Reply in Supp. of Mot. to Alter J. 2, ECF No. 29.)  Alford offered no proof of that assertion by proffer or otherwise.  He included in his reply allegations of deliberate indifference to his safety

while incarcerated and deliberate indifference to his medical needs by the Bureau of Prisons as well. (*Id.* at 2-3.)

## DISCUSSION

In analyzing Alford's pro se motion to alter judgment, the Court looks not only to how Alford styled his motion but examines his motion in light of the type of relief he seeks in the motion. The Government concedes that such an approach is correct, and in its response addresses possible constructions the Court might place on his motion in deciding whether the motion has merit. (Gov't's Resp. in Opp'n 4-5, ECF No. 27.) Although Alford specifically claims that he is entitled to relief under Federal Rules of Civil Procedure Rule 59(e), that rule is applicable only to judgments entered in a civil case. Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts[.]"); *see also United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (explaining that criminal orders cannot be challenged under the Federal Rules of Civil Procedure). It thus provides Alford with no basis for the relief he seeks here.

The main point of Alford's motion is that the Criminal History Category used to calculate his Guidelines range of imprisonment in the original sentence was too high. As directed by the United States Sentencing Guidelines, the district judge here used the same Criminal History Category in determining the range of imprisonment applicable to a Grade C violation of supervised release. U.S. Sentencing Guidelines Manual § 7B1.4. However, as the Government correctly points out, the underlying validity of a conviction cannot be challenged in a revocation action nor can the original sentence be challenged in

a revocation proceeding unless it has been vacated, most frequently by either a successful direct appeal or a successful action brought pursuant to 28 U.S.C. 2255.  *United States v. Nicolas*, 490 F. App'x 300, 303 (11th Cir. 2012) ("[A] defendant, facing re-incarceration upon the revocation of supervised release, may not sidestep Section 2255 and challenge the validity of his original sentence during the revocation proceedings.").

The Court has also looked to see whether Alford might be entitled to relief under other rules, statutes or established precedent.  While Federal Rules of Criminal Procedure Rule 36 allows a court at any time to correct a clerical error in the record "*resulting from oversight or omission*" (emphasis added), the rule affords no basis for relief where the movant seeks to alter the substance of his sentence, that is, to reduce the sentence. *United States v. Portillo,* 361 F.3d 1161, 1164 (11th Cir. 2004) ("Rule 36 may not be used to make a substantive alteration to a criminal sentence.") (internal quotation marks and citation omitted).  Likewise, Federal Rule of Criminal Procedure Rule 35 provides no basis of relief for Alford because he does not assert that his sentence resulted from an "arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a).

Alford's motion to alter his judgment could also be construed as a motion to modify judgment under 18 U.S.C. § 3582.  Title 18, United States Code § 3582 provides the limited circumstances under which a sentence for a term of imprisonment may be modified.  18 U.S.C. § 3582(c).  Specifically, "[u]nder § 3582(c), the court may modify a sentence in three circumstances: (1) upon motion of the Director of the Bureau of Prisons; (2) under [Federal Rules of Criminal Procedure] Rule 35 or as otherwise expressly permitted by statute; or (3) if the sentencing range has subsequently been

lowered by the Sentencing Commission." *United States v. McGranahan*, 168 F. App'x 934, 937 (11th Cir. 2006). If one of these circumstances is not present in a case, the Court lacks jurisdiction to consider the Defendant's motion to modify his sentence. *Id.* None of the statutory bases provided for in 18 U.S.C. 3582(c) are applicable here.

There remains the issue of whether Alford has in his motion sought relief under 28 U.S.C. § 2255, which permits persons confined pursuant to a federal sentence to move to vacate, set aside or correct the sentence they are serving. Because Alford has a direct appeal of the revocation sentence pending (Notice of Appeal, ECF No. 17), this Court lacks jurisdiction to hear and address a § 2255 motion until the direct appeal is decided. The Court finds the precedent cited by the Government to be controlling. *See United States v. Dunham,* 240 F.3d. 1328, 1329-30 (11th Cir. 2001). Defendant's motion to alter his judgment should therefore be denied.

## CONCLUSION

WHEREFORE, it is RECOMMENDED that Defendant's motion to alter his judgment be DENIED. Pursuant to 28 U.S.C. § 636(b)(1), the Defendant may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 26th day of August, 2013.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE